**Carolyn CHISIM, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION, City School District of the City of Buffalo, NY, Municipal Civil Service Commission of the City of Buffalo, NY, Defendants–Appellees,**

**The Professional Clerical & Technical Employees Association, Defendants.**

Docket No. 01–7470.

United States Court of Appeals, Second Circuit.

June 5, 2002.

Michael J. Flaherty, Flaherty & Shea, Buffalo, NY, for Appellant.

Jeffrey E. Reed, Assistant Corporation Counsel (Michael B. Risman, Corporation Counsel City of Buffalo), Buffalo, NY, for Appellees.

Present WALKER, Chief Judge, WINTER and CALABRESI, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Carolyn Chisim appeals from the judgment of the district court (Curtin, *D.J.*) granting summary judgment in favor of defendants-appellants Board of Education for the City School District of the City Buffalo ("Board") and the Municipal Civil Service Commission of the City of Buffalo.

In 1994, Carolyn Chisim, a minority female and a member of defendant union, Professional, Clerical & Technical Employees Association ("PCTEA"), was appointed by the Board to the position of Director of Food Services. In 1997, after lengthy litigation in the state courts between PCTEA and the Board, Chisim was removed from the position because her promotion violated the collective bargaining agreement ("CBA") between PCTEA and the Board.

Chisim filed a complaint in the district court alleging that her demotion violated the affirmative action order ("AAO") entered in August 1980. The AAO required the Board to "hir[e] one minority for one majority for all positions, until the goal of twenty-one percent (21%) minority employees has been reached or surpassed for each job title within the system." In addition, Chisim alleged that the Board's failure to provide her with notice and hearing prior to her demotion violated her due process rights. In its first ruling, the district court granted summary judgment for defendants. The district court held that the AAO did not require the Board to hire one minority for one majority when filling vacancies in single-person positions such as the Director of Food Services. In addition, the district court found that the

Board had not hired Chisim under the AAO.

After Chisim's first appeal was remanded to the district court for further proceedings, the district court again granted summary judgment for the defendants. The district court rejected Chisim's claim under the AAO, reaffirming its holding that the Board was not rigidly bound by the one-to-one hiring policy when considering single-person positions and adhering to its prior finding that Chisim had not been hired under the AAO. The district court also rejected Chisim's due process claims, finding that a hearing prior to her demotion was not necessary under the three-factor test announced in *Mathews v. Eldridge*, 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). According to the district court, a post-deprivation hearing was adequate because Chisim's interest in her position as Director of Food Services was outweighed by the Board's interests in abiding by the CBA and the minimal likelihood that the state courts erroneously interpreted the CBA during the extensive litigation before them.

On appeal, Chisim claims that (1) her promotion was required under the AAO and (2) her due process rights were violated because the Board did not provide her with a pre-deprivation hearing. We review the district court's grant of summary judgment *de novo. See Lombard v. Booz–Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir.2002).

We agree with the district court that the Board is not bound by the one-to-one hiring policy in the AAO when considering candidates for single-person positions. While the Board must strive towards the 21% hiring goal for all positions, the district court has recognized that such positions were not considered at the time the AAO was drafted and we agree that the Board must be given flexibility to determine whether it has met its affirmative action goals. Chisim has failed to present any evidence to suggest that the Board has not made a good-faith effort to adhere to the requirements of the AAO.

Turning to Chisim's due process claim, we find that the district court properly concluded that due process did not require a hearing prior to her demotion. We have stated that "an important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted may justify postponing the opportunity to be heard until after the initial deprivation." *Strong v. Bd. of Educ.*, 902 F.2d 208, 212 (2d Cir.1990). The Board's interests in complying with the binding decisions of the state courts were certainly substantial and plaintiff has not advanced any arguments regarding the interpretation of the CBA that had not already been decided by the state courts. Thus, we find that the post-deprivation remedies available to Chisim were adequate. *See id.* (holding that due process did not require a pre-deprivation hearing where such hearing would have amounted to an "empty formality"); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880–81 (2d Cir. 1996) (holding that an Article 78 proceeding is a "perfectly adequate postdeprivation remedy"). Finally, to the extent that Chisim now contends that the district court should have considered the AAO in its due process analysis, she has forfeited that claim by failing to raise that argument below in her cross-motion for summary judgment. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 142 (2d Cir.2000).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**